IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


VINCENT F. RIVERA,

          Plaintiff,

                                CIVIL ACTION
     vs.                            No. 06-3240-SAC

KATHLEEN SEBELIUS, et al.,


          Defendants.


MEMORANDUM AND ORDER


     This matter is before the court on plaintiff's motion to reopen judgment (Doc. 26). Plaintiff, a prisoner in the Florida State Prison, submitted a civil complaint pursuant to 42 U.S.C. § 1983 against the Governor of Kansas, two United States Senators, and the Kansas Department of Corrections, Attorney General, Treasurer, and Insurance Commissioner broadly alleging violations of his rights by their formation of "a consortium of public corporations contracting with the state to create the prison industrial complex".[1]

     Finding plaintiff was subject to the provisions of 28 U.S.C. § 1915(g), the court denied leave to proceed in forma pauperis and granted plaintiff thirty days to submit the full

---

[1]Doc. 1, p. 3, Statement of Claim.

filing fee.  Plaintiff's motion for reconsideration was denied, and he unsuccessfully pursued an interlocutory appeal.  The court dismissed this matter without prejudice on January 9, 2007.

Plaintiff filed an appeal, and the appeal was dismissed on March 28, 2007, following his failure to submit the full appellate filing fee.

Plaintiff filed the present motion to reopen this matter on September 21, 2010.  In the motion, plaintiff attacks the Prison Litigation Reform Act as "a smokescreen for 'public corruption'"[2] and makes other broad and unsupported claims challenging the history and passage of the Act.

Because plaintiff proceeds pro se, the court liberally construes this motion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A party seeking relief from an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

A motion filed pursuant to Rule 59(e) must be filed no

---

[2]Doc. 26, p. 1.

later than 28 days after the entry of the judgment, while a motion filed pursuant to Rule 60(b) must be filed within a reasonable time and, for some grounds enumerated in the rule, not later than one year from the entry of the ruling in question. Here, plaintiff's motion, filed over three years following the dismissal of his appeal, is not timely.

Moreover, there are three grounds that justify reconsideration, namely, (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff, however, has made no argument that presents any such ground for relief, nor does he explain any reason for the delay in filing his motion to reopen. Having given the motion due consideration, the court finds the motion lacks legal merit.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to reopen (Doc. 26) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 7th day of June, 2011.


                         S/ Sam A. Crow
                         SAM A. CROW
                         United States Senior District Judge